# In the United States Court of Federal Claims

No. 18-1117C
(Filed February 28, 2023)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                *
                                *
                                *
DANIEL SANSOM,                  *
                                *
                 Plaintiff,     *
                                *
        v.                      *
                                *
THE UNITED STATES,              *
                                *
                 Defendant.     *
                                *
                                *
* * * * * * * * * * * * * * * * *
```

## **ORDER**

Following plaintiff Daniel Sansom's involuntary discharge from the United States Coast Guard with a general (under honorable conditions) characterization of service due to misconduct, he sought relief from the Department of Homeland Security Board for Correction of Military Records (BCMR or Board), which denied his application on all counts. Mister Sansom then filed suit in this court challenging the BCMR decision. *See* Compl., ECF No. 1. During briefing and oral argument on the motions for judgment on the administrative record, a question arose concerning the completeness of the record considered by the BCMR. *See* Order, ECF No. 32 at 1. The investigating officer's report identified thirty-one separate enclosures, primarily witness statements and interviews. Admin. R. (AR) 243. The BCMR's record contains only redacted versions of enclosures 24–30, submitted by plaintiff as the fruits of a Freedom of Information Act request. *See* AR 109, 117–18, 122–43.

Plaintiff initially took the absence of this material to indicate that the separation authority did not review the evidence gathered by the investigating officer, but only his report. Pl.'s Opp'n Def.'s Mot. J. Admin. R. at 1, 22–23. After the government noted that the BCMR found that separation was ordered "after requesting and reviewing a copy of the administrative investigation," Def.'s Reply & Resp. to Pl.'s Cross-Mot. at 18 (quoting AR 13), plaintiff maintained that the

absence of the investigative material from the BCMR record meant the Board's decision was unsupported by evidence. Pl.'s Reply Supp. Cross-Mot. at 1–3.

After oral argument on the motions for judgment on the administrative record, the Court asked the government to determine whether the enclosures to the investigating officer's report were considered by the separation authority and reviewed by the BCMR. ECF No. 32 at 1. Defendant submitted a status report in which it clarified that the separation authority had reviewed the material listed as enclosures to the inquiry officer's report, while the BCMR had reviewed only the documents currently in the record. Def.'s Status Rpt., ECF No. 37 at 1. In supplemental briefing, Mr. Sansom requested, as an alternative to judgment in his favor, either that the record be supplemented to add all the enclosures to the report or that the matter be remanded to the BCMR for consideration of those enclosures. Pl.'s Suppl., ECF No. 42 at 1–3; Pl.'s Reply Supp., ECF No. 50 at 1–3.

The government opposes both supplementation and remand, maintaining that Mr. Sansom's requests and arguments are untimely, procedurally deficient because they were not made by motion, and irrelevant since the BCMR reviewed the investigative officer's report and its detailed summaries of witness statements. Def.'s Resp. Pl.'s Suppl. Br., ECF No. 47 at 2–8. The Court does not find that Mr. Sansom has waived any objection to the absence of the investigative material from the BCMR record. Plaintiff was entitled to presume regularity in the compilation of the record being reviewed by the Board. *See Tecom, Inc. v. United States*, 66 Fed. Cl. 736, 757–69 (2005). Under the applicable regulations, the Board is to consider "all pertinent military records" in reaching its decisions. 33 C.F.R. § 52.12. As his application concerned the propriety of his discharge, *see* AR 75–89, plaintiff reasonably concluded that if the enclosures to the report were considered by the separation authority, they would have been contained in the BCMR record. The issue concerning their absence only arose once the government took a contrary position in its reply brief, and was not clarified until after oral argument was held.

Nor is the lack of a formal motion fatal to plaintiff's cause. The Court, after all, may remand appropriate matters "on its own," RCFC 52.2(a), and "has authority under the Tucker Act to remand to a corrections board." *Walls v. United States*, 582 F.3d 1358, 1367 n.12 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(2)). And the Court is not persuaded that the inclusion of summaries of witness statements in the inquiry officer's report can duly take the place of the actual evidence provided by the witnesses, for purposes of BCMR review.

The Court concludes that a remand of this matter is in order, to allow the BCMR to review the separation decision in light of the evidence that was considered by the separation authority. Effective judicial review requires a record containing "what was or should have been considered by the agency," and this includes "relevant information in the [agency] files . . . which was inappropriately ignored by

an agency." *East West, Inc. v. United* States, 100 Fed. Cl. 53, 57 (2011) (citations omitted). Insofar as the separation decision is concerned, the addition of the enclosures is not a supplementation but rather a *completion* of the record of that decision. *See id.* at 56–57 (explaining the process of "completing the record by adding 'information relied upon but omitted from the paper record'" (quoting *Orion Int'l Techs. v. United States,* 60 Fed. Cl. 338, 343–44 (2004))); *see also Smith v. United States*, 114 Fed. Cl. 691, 696 (2014). Effective judicial review of the BCMR decision would require that its record be supplemented with the omitted enclosures that were the basis for the separation decision. *See Axiom Res. Mgmt. v. United States*, 564 F.3d 1374, 1381 (Fed. Cir. 2009). Under the circumstances, however, the better course is to remand the matter so that the Board, which possesses broader equitable powers than the Court, *see* 10 U.S.C. § 1552(a)(1), can first consider the complete record and reach a decision on that basis, *see Miller v. United States*, 119 Fed. Cl. 717, 727 (2015); *Walls*, 582 F.3d at 1367 (citing *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).

Because of the imminent remand, the pending motions for judgment on the administrative record, ECF Nos. 17 and 22, are **DENIED** as moot. The parties are to confer regarding the remand instructions, schedule, and procedure, and file a Joint Status Report on or by **Tuesday, March 21, 2023.**

**IT IS SO ORDERED.**


s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Senior Judge